```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ALLSTATE PROPERTY AND          :     CIVIL ACTION
CASUALTY INSURANCE CO.         :
                               :
          v.                   :
                               :
CHRISTOPHER SCHELLBERG,        :
et al.                         :     NO. 13-4609
```

MEMORANDUM

McLaughlin, J.                                       April 22, 2014

      This is a declaratory judgment action brought by Allstate Property and Casualty Insurance Company ("Allstate") against defendants Christopher Schellberg, Donald J. Schellberg, and Ormaly Fenelle regarding Allstate's duty to defend and indemnify the defendants in an underlying state court personal injury action.  Before the Court is the defendants' motion to dismiss.  The defendants argue that the Court should decline its discretionary jurisdiction over this matter pursuant to 28 U.S.C. § 2201.  The Court will decline to exercise its jurisdiction over this matter at this time, and will stay this case pending resolution of the parallel declaratory judgment action in state court.

I.   Background

      This declaratory judgment action relates to a personal injury action filed by Vincenzo ("Vince") and Bridget Palazzolo

(together the "Palazzolos") in the Court of Common Pleas of Chester County arising out of an incident that occurred on July 4, 2011. The complaint filed by the Palazzolos alleges that, while intoxicated, Christopher Schellberg struck Vince Palazzolo in the head with a golf club "with such force and violence that the blow shattered Vince's skull and left Vince unconscious." The Palazzolo's complaint asserts a negligent entrustment claim against defendants Donald J. Schellberg and Ormaly Fenelle, claiming that they negligently entrusted alcohol and golf clubs to their son, Christopher Schellberg. Subject to Allstate's reservation of rights, Allstate is providing defense counsel for the defendants in the personal injury action. Compl. ¶¶ 10-11, 13.

In this action, Allstate seeks a declaration that it does not have a duty to defend or indemnify the defendants in the underlying personal injury action. At the time of the incident, Christopher Schellberg, Donald J. Schellberg, and Ormaly Fenelle were insured persons under a homeowners insurance policy issued by Allstate to Donald J. Schellberg. Allstate argues that the claims in the Palazzolo's complaint do not fall within coverage of the homeowners insurance policy because they are subject to the following exclusion:

> 1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. The exclusion applies even if:
>
> a. such insured person lacks the mental capacity to govern his or her conduct;
>
> b. such bodily injury or property damage is of a different kind or degree than that reasonably intended or expected; or
>
> c. such bodily injury or property damage is sustained by a different person other than intended or reasonably expected.
>
> This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of, a crime.

Id. at ¶¶ 17-18.

Allstate's complaint also alleges that Donald J. Schellberg and Ormaly Fenelle are jointly obligated for the intentional and/or criminal acts of Christopher Schellberg, and therefore Allstate has no duty to defend or indemnify Donald J. Schellberg and Ormaly Fenelle, pursuant to the following provision of the homeowners insurance policy:

> The terms of this policy imposes joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person.

Id. at ¶¶ 22-24.

The defendants filed the present motion to dismiss on December 17, 2013.[1]  On December 18, 2013, the defendants filed a declaratory judgment complaint in the Court of Common Pleas of Chester County, raising the same issues raised by Allstate in this case.  See <u>Palazzolo, et al. v. Allstate Property & Cas. Ins. Co.</u>, Chester Cty. Ct. Com. Pls. No. 13-12402.  Allstate has filed preliminary objections to that complaint.

## II.  Analysis

The discretion to exercise jurisdiction in a declaratory judgment action is governed by the federal Declaratory Judgment Act, which provides that, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ."  28 U.S.C. § 2201(a).  However, district courts are under no compulsion to exercise this discretion, even when a suit otherwise satisfies subject matter jurisdiction prerequisites.  See <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282, 287 (1995).  A district court has discretion to decline to exercise jurisdiction over a

---

[1] The defendants have assigned their rights under the homeowners insurance policy to the Palazzolos.  Counsel for the Palazzolos in the state court personal injury action has appeared on behalf of the defendants in this action.

declaratory judgment action in favor of a parallel state court proceeding.  Id.

The defendants argue that the Court should decline to exercise jurisdiction over this declaratory judgment action because (1) there are no questions of federal law; and (2) the defendants have instituted a state court action for declaratory relief involving the same issues.  In response, the plaintiff argues that the Court should exercise jurisdiction because (1) this action does not involve unsettled questions of state law; (2) the state court declaratory judgment action was filed after this action and is subject to dismissal on the basis of lis pendins; and (3) the defendants are precluded by the terms of the insurance policy from bringing the state court declaratory judgment action.

A district court considering whether to exercise jurisdiction over a declaratory judgment action should consider whether the claims at issue can be satisfactorily adjudicated in the state court proceeding; whether all the necessary parties have been joined; and the scope of the pending state court proceeding and the nature of the defenses available there.  Id. at 283 (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).  The central issue is whether the questions in

controversy can be better settled in the pending state court proceedings.  Brillhart, 316 U.S. at 495.

In declaratory judgment actions involving insurance coverage issues, the Third Circuit has directed district courts to consider: (1) "[a] general policy of restraint when the same issues are pending in a state court;" (2) "[a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;" and (3) "[a]voidance of duplicative litigation."  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000)(citing United States v. Commonwealth of Pennsylvania, Dep't of Envtl. Res., 923 F.2d 1071, 1075-76 (3d Cir. 1991)).  A district court should "decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation."  Id. at 135 (citing Mitcheson v. Harris, 955 F.2d 235, 239 (4th Cir. 1992)).[2]

---

[2] In Summy, which involved a declaratory judgment action regarding an insurance coverage dispute, the Third Circuit held that it was inappropriate for the district court to exercise jurisdiction where the underlying personal injury action and a separate counter-action for declaratory judgment were pending before the same judge in state court.  Summy, 234 F.2d at 135-36.

As the plaintiff points out, the Third Circuit in Summy cautioned courts against exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled.  Id. at 135.  The Third Circuit noted in that case that the converse is also true, however:  "When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.  Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare."  Id. at 136.[3]  "[T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum."  Id.

In general, "[d]ecisions in declaratory judgment actions must yield to 'considerations of practicality and wise judicial administration."  Id. (quoting Wilton, 515 U.S. at

---

[3] Some courts in this district have read Summy to hold that, "without a showing that the applicable area of state law is unsettled, and in the absence of a parallel state-court proceeding," the federal declaratory judgment action does not fall within the ambit of Summy, and have declined to stay or dismiss the action. See, e.g., Cont'l Cas. Co. v. Peerless Indus. Inc., 2007 WL 2029298, at *2 (E.D. Pa. Jul. 11, 2007) (quoting Allstate Ins. Co. v. Century Indem. Co., 2007 WL 1575012, at *2 (E.D. Pa. May 31, 2007)).  Others, including this Court, have held that the fact that a declaratory judgment action involves well-settled questions of law does not alone warrant the exercise of jurisdiction. See, e.g., AMA/Am. Mktg. Assoc., Inc. v. Maple Ave. Apartments, L.P., 2007 WL 2071902, at *4-5 (E.D. Pa. Jul. 17, 2007).

288). Here, there are no issues of federal law that require this Court's consideration; the parties have presented no unsettled issues under Pennsylvania law; and a parallel declaratory judgment action has been filed in the Court of Common Pleas of Chester County. Additionally, there is an inherent conflict of interest between Allstate's duty to defend and indemnify in the underlying personal injury action and its characterization of the claims in that suit in this federal action.

Contrary to Allstate's assertion, the fact "that the state declaratory judgment petition was filed after its counterpart in the District Court" is irrelevant to the Court's determination of whether to exercise discretionary jurisdiction over this declaratory judgment action. Summy, 234 F.2d at 136. The Court recognizes, however, that certain defenses have been raised in the state court declaratory judgment action that would not apply in this federal action.

Considering all of the above factors, the Court concludes that it would be most appropriate to decline to exercise jurisdiction over this matter at this point, and to stay this case pending the resolution of the state court declaratory judgment action.

An appropriate order shall issue separately.